**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

MEDICAL/SURGICAL GROUP TRUST;
MAZZEO UNUM RIZZO DIX SNECHLOR

      Plaintiffs,

  v.           No. 13-CV-1109
              (LEK/CFH)
NEW YORK STATE ENERGY RESEARCH
& DEVELOPMENT AUTHORITY, et al.,

      Defendants.

---

**APPEARANCES:**           **OF COUNSEL:**

MEDICAL/SURGICAL GROUP TRUST
Plaintiff, Pro Se
171-176 Sheridan Avenue
Albany, New York 12210

MAZZEO UNUM RIZZO DIX SNECHLOR
Plaintiff, Pro Se
176 Sheridan Avenue
Apartment #6
Albany, New York 12210

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a complaint filed by pro se plaintiffs Medical/Surgical Group Trust and Mazzeo Unum Rizzo Dix Snechlor. Compl. (Dkt. No. 1). Medical/Surgical Group Trust and Mazzeo Unum Rizzo Dix Snechlor ("Mazzeo") have also filed a motion to proceed in forma pauperis (IFP). Dkt. No. 2.

## II. DISCUSSION

### A. In Forma Pauperis Application

Turning first to Mazzeo's IFP application, the application is presently incomplete. In Mazzeo's application, he indicates in Question 3 that he receives disability or worker's compensation payments. Dkt. No. 2 at 3. However, where the question further asks him to "describe each source of money and state the amount received and what you expect you will continue to receive," Mazzeo fails to further elaborate upon the question. Id. at 3-4. Mazzeo has provided information which appears to be financial statements indicating that he receives disability payments; however, it is unclear from that documentation what amount of money Mazzeo receives on a weekly or monthly basis. Id. at 8. Without knowing this information, the Court is unable to determine whether the motion for IFP should be granted or denied. Therefore, at this time, the application is denied; however, if Mazzeo chooses to submit a completed application it will be considered in due course.

Turning next to the Medical/Surgical Group Trust's IFP application, the Court finds that the motion must be denied. The IFP statute provides, in relevant part, that "[a]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by **a person** who makes an affidavit that he is unable to pay such costs or give security therefor." 28 U.S.C. § 1915(a) (emphasis added). A trust is defined as a "right, enforceable solely in equity, to the beneficial enjoyment of property to which another person holds legal title; [hence] a property interest held by one person . . . at the request of another . . . for the benefit of a third party . . . ." Black's Law Dictionary "Trust"

(9th ed. 2009). Accordingly, a trust represents "either . . . a relationship having certain characteristics stated in the definition or perhaps as a juridicial device or legal institution involving such a relationship." 1 Austin W. Scott & William F. Fratcher, The Law of Trusts § 2.4, at 42 (4th ed. 1987). Accordingly, a trust is something other than a person, as called for by the statute, and whether IFP status is appropriate lends itself to an analysis analogous to that of a corporation instead of an individual.

In such instances, "[t]he issue is whether a corporation can be a 'person' within the meaning of §1915, thereby being entitled to the benefits that section provides." Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 686 F. Supp. 385, 387 (N.D.N.Y. 1988). This district has "held that corporations are not 'persons' covered by the in forma pauperis statute." Id. (citing cases); see also Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993) (holding that "only a natural person may qualify for treatment in forma pauperis under § 1915."). Accordingly, the Court cannot contemplate, let alone grant, Medical/Surgical Group Trust's application for IFP.

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Additional pleading guidelines are provided in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides in pertinent part that:

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54

(internal quotation marks and citations omitted).

A complaint which fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, especially with respect to a pro se complaint, the court generally affords the plaintiff leave to amend the complaint to state a nonfrivolous claim. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995).

While such a review need not be completed given the deficiencies in the IFP applications, the undersigned undertook it regardless in an attempt to increase judicial efficiency in the event that Mazzeo submitted a proper IFP application and the case is attempted to be moved forward. A review of the complaint reveals that the pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. The complaint is, at best, disjointed and confusing. Mazzeo uses the Court's pro forma complaints used in actions brought pursuant to the Americans with Disability Act, 42 U.S.C. §§ 12101 et seq., and employment discrimination, 29 U.S.C. §§ 621-634(b). Compl. at 1, 6. However, most of the pre-printed information included in such forms, such as the jurisdictional basis and prayer for relief, is filled with information that is irrelevant to those sections. For all other

sections where specific facts are solicited, Mazzeo simply provides incoherent ramblings and lists of identifying information or statutory schemes and associated language. Moreover, the complaint is completely devoid of any factual allegation against any specific defendant by which this Court can assess the nature of the suit and any wrongdoing by any particular defendant. The pro forma Civil Cover Sheet attached to the complaint provides no further insight as multiple options are selected. Further, the hundreds of pages of attachments are also unhelpful as they fail to provide any insight into what type of action Mazzeo is attempting to state. After reviewing the complaint and attachments, the Court is utterly perplexed as to what Mazzeo claims are the wrongs inflicted upon him, his damages, and why he is seeking Court intervention.

In sum, Mazzeo's complaint in its current form fails to satisfy the basic pleading requirements and fails to state a claim for relief. As such, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Mazzeo's pro se status, this Court recommends that prior to dismissing this action, Mazzeo be directed to amend his complaint to provide clearer details regarding his claims. Specifically, Mazzeo is directed to draft a complaint which satisfies the plausibility standard outlined in Ashcroft v. Iqbal, 556 U.S. 662 (2009), requiring plaintiffs to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citations omitted). Mazzeo will have to allege specific facts sufficient to plausibly state that the named defendants deprived him of constitutional rights by being deliberate indifferent to his serious medical needs.

Moreover, although previously discussed in what appears to be a similar incoherent complaint filed by Mazzeo in Mazzeo-Unum v. Dep't of Transportation, No. 12-CV-1856,

2013 WL 2636159 (N.D.N.Y. June 12, 2013) (Ex. A)[1], using such pro forma complaint forms without properly alleging the elements of either an ADA or employment discrimination claims results in dismissal due to a failure to state a claim. As outlined in that prior decision:

> the Court notes that Title VII precludes certain employment practices that discriminate against employees on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). In reviewing the pro forma Title VII Complaint submitted by Plaintiff, it is unclear to this Court why Plaintiff has brought such an action in that he neither claims to be an employee (or past employee) of the named Defendants nor that they subjected him to unlawful employment practices . . . He further asserts that he did not bring a claim before the Equal Employment Opportunity Commission ("EEOC") regarding the alleged discriminatory acts . . . According to the relevant statutory framework, only after charges are brought before the EEOC and a right-to-sue letter is obtained may an aggrieved party bring an action for relief in federal court. 42 U.S.C. § 2000e–5(e); see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir.2001) ("Exhaustion of administrative remedies through the EEOC is 'an essential element' of the Title VII ... statutory scheme[ ] and, as such, a precondition to bringing such claims in federal court."). Plaintiff has patently failed to satisfy these prerequisites prior to filing this action, and he has not provided any explanation thereto. Thus, in addition to failing to state a proper claim of discrimination under Title VII, Plaintiff's failure to exhaust his administrative remedies prior to bringing this action provides another basis for dismissal of the Title VII claim.

Id., 2013 WL 2636159, at *2 (Ex. A). Similarly, in the present complaint, Mazzeo has failed to indicate that he was an employee of defendant or that he was subjected to unlawful employment practices. Moreover, even though Mazzeo indicates that he filed charges with the New York State Division on Human Rights in September of 2013 (Compl. at 8) he fails to attach any documentation from any EEOC claim. Accordingly, amendment will be futile

---

[1] This unpublished decision will be attached to this Report-Recommendation and Order.

-7-

unless these deficiencies too are remediated.

The same holds true for the ADA claim, which was also the subject of <u>Mazzeo-Unum v. Dep't of Transportation</u>. In that instance, the Court determined:

> The ADA prohibits discrimination against a person with a disability by reason of that disability. The primary problem with Plaintiff's ADA claim is his failure to identify the nature of his disability. "Disability" is defined in the ADA as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). Instead of stating his disability, Plaintiff references two prior cases filed in this District, neither of which have any connection to this action.

<u>Mazzeo-Unum</u>, 2013 WL 2636159, at *2 (Ex. A). In this complaint, Mazzeo does not refer to any earlier cases. Additionally, he also never states what disability he allegedly suffers from or how that was the genesis of any discrimination he may have encountered. Similarly, amendment of this claim too will be futile unless these deficiencies are cured.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that with respect to plaintiffs' IFP applications (Dkt. No. 2) both are **DENIED**; and it is further

**ORDERED** that the Clerk provide Mazzeo with a new IFP application form; and it is further, **ORDERED** that within thirty (30) days of the date of this Order, Mazzeo resubmits a complete application or pays the full $400.00 filing fee. If plaintiff fails to provide a complete IFP application or pay the filing fee in full within the thirty (30) days, the case will be forwarded to the District Court judge for dismissal; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and §

1915A, Mazzeo's complaint is **DISMISSED** for failure to comply with the pleading standards and state a claim; and it is further

**RECOMMENDED** that alternatively, in light of his pro se status, prior to dismissing Mazzeo's complaint in its entirety, he be provided an opportunity to amend his complaint to expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that, as Medical/Surgical Group Trust cannot appear pro se or represented by anyone other than a licensed attorney, it has thirty (30) days within which to secure the appointment of counsel. This order will serve as notification to Medical/Surgical Group Trust that if it fails to secure counsel, the action will be transferred to the District Court Judge for dismissal; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: December 6, 2013
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge