**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MEDICAL/SURGICAL GROUP TRUST;
MAZZEO UNUM RIZZO DIX SNECHLOR

      Plaintiffs,
  v.              No. 13-CV-1109
                   (LEK/CFH)
NEW YORK STATE ENERGY RESEARCH
& DEVELOPMENT AUTHORITY, et al.,

      Defendants.

---

**APPEARANCES:**            **OF COUNSEL:**

MEDICAL/SURGICAL GROUP TRUST
Plaintiff, Pro Se
171-176 Sheridan Avenue
Albany, New York 12210

MAZZEO UNUM RIZZO DIX SNECHLOR
Plaintiff, Pro Se
176 Sheridan Avenue
Apartment #6
Albany, New York 12210

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

Plaintiffs pro se Medical/Surgical Group Trust and Mazzeo Unum ("Unum") previously filed a complaint and motion to proceed in forma pauperis (IFP). Compl. (Dkt. No.1), Dkt. No. 2. Pursuant to a Report-Recommendation and Order dated December 9, 2013, the undersigned denied Unum's IFP application as it was incomplete, directing that a complete application or filing fee be presented within thirty days or "the case w[ould] be forwarded to the District Court judge for dismissal." Dkt. No. 5 at 1-2, 8. Further, the undersigned

ordered the Medical/Surgical Group Trust's IFP application denied as it "cannot appear pro se," and gave it "thirty (30) days within which to secure appointment of counsel [or] . . . if it fails to secure counsel, the action will be transferred to the District Court Judge for dismissal." Id. at 9. Moreover, even though the undersigned did not have to continue to a review of the complaint, the undersigned did and recommended that an amended complaint be filed as Unum had failed to comply with federal pleading standards and state a claim. Id. at 3-9.

On February 13, 2014, Unum refiled his IFP motion which is presently before the Court for review. Dkt. No. 6. It appears that the application is filed on behalf of both pro se plaintiffs. No amended complaint was filed.

## II. DISCUSSION

### A. In Forma Pauperis Application

The Court has reviewed Unum's second IFP application. Dkt. No. 6. With respect to Unum as an individual, notwithstanding the fact that the IFP application was filed more than thirty days late, because Unum has cured the deficiencies in the original application and sets forth sufficient economic need, the Court finds that Unum qualifies to proceed IFP.

Turning next to the Medical/Surgical Group Trust's IFP application, to the extent that the Medical/Surgical Group is attempting to refile for IFP, the Court still finds that the motion must be denied for all of the reasons previously stated. Dkt. No. 5 at 2-3. Moreover, given that more than thirty days have passed and no attorney has been retained, it is recommended that this issue be forwarded to the District Court Judge and the party

dismissed from the case.

### B. Plaintiff's Complaint

The undersigned's recommendations regarding the pleading and sufficiency of the previously filed complaint remain the same. No further activity will be taken by the undersigned pending the District Judge's review of the undersigned's previous recommendations.

### III. Conclusion

**WHEREFORE**, it is hereby

**ORDERED** that with respect to plaintiffs' renewed IFP applications (Dkt. No. 6):

1. Unum's IFP application is **GRANTED**; and

2. Medical/Surgical Group Trust's IFP application is **DENIED**; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Unum's complaint is **DISMISSED** for failure to comply with the pleading standards and state a claim; and it is further

**RECOMMENDED** that alternatively, in light of his pro se status, prior to dismissing Mazzeo's complaint in its entirety, he be provided an opportunity to amend his complaint to expand upon the facts that would support his claim for entitlement to relief; and it is further

**ORDERED** that, as thirty days have elapsed and the Medical/Surgical Group Trust has failed to retain counsel, the action shall be transferred to the District Court Judge for dismissal; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 24, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge