UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MEDICAL/SURGICAL GROUP TRUST
and MAZZEO UNUM RIZZO DIX
SNECHLOR,

                              Plaintiffs,

            -against-                                     1:13-cv-1109 (LEK/CFH)

NEW YORK STATE ENERGY
RESEARCH & DEVELOPMENT
AUTHORITY, INC.; *et al*.,

                              Defendants.

_____

## ORDER

This matter comes before the Court following Report-Recommendations filed on December

6, 2013, and February 24, 2014, by the Honorable Christian F. Hummel, U.S. Magistrate Judge,

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3.  Dkt. Nos. 5 ("First Report-

Recommendation"); 7 ("Second Report-Recommendation").  Judge Hummel recommended that

Plaintiffs Medical/Surgical Group Trust and Mazzeo Unum Rizzo Dix Snechlor's (collectively,

"Plaintiffs") Complaint be dismissed with leave to amend.  See generally First Report-Rec.; Second

Report-Rec.; Dkt. No. 1 ("Complaint").  No objections were filed.  See generally Docket.

A district court must review *de novo* any objected-to portions of a magistrate judge's report-

recommendation or specific proposed findings or recommendations therein and "may accept, reject,

or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b); accord Fed. R. Civ. P. 72(b); see also Morris v. Local 804, Int'l Bhd. of Teamsters,

167 F. App'x 230, 232 (2d Cir. 2006); Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1

(N.D.N.Y. Mar. 18, 2013).  If no objections are made, or if an objection is general, conclusory,

perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error.  Chylinski v. Bank of Am., N.A., 434 F. App'x 47, 48 (2d Cir. 2011).

Upon review of the Report-Recommendation, the Court finds that it is not subject to attack for clear error, and accordingly accepts and adopts it in its entirety.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendations (Dkt. Nos. 5, 7) are **APPROVED** and **ADOPTED in their entirety**; and it is further

**ORDERED**, that Plaintiff Mazzeo Unum Rizzo Dix Snechlor, if he wishes to pursue this action, must file an amended complaint **within thirty (30) days** of the filing date of this Order that remedies the deficiencies outlined in the Report-Recommendations; and it is further

**ORDERED**, that if Plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that the Complaint (Dkt. No. 1) is **DISMISSED with prejudice** without further order of the Court pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.  In that event, the Clerk is directed to close this case; and it is further

**ORDERED**, that Plaintiff Medical/Surgical Group Trust, having failed to retain counsel in this action, is **DISMISSED** from this case;[1] and it is further

**ORDERED**, that the Clerk serve a copy of this Order upon the Plaintiffs.

---

[1] See Shapiro, Bernstein & Co. v. Continental Record Co., 386 F.2d 426, 427 (2d Cir. 1967) ("[I]t is settled law that a corporation cannot appear other than by its attorney.").

2

**IT IS SO ORDERED**.

DATED:      April 24, 2014
              Albany, New York

Lawrence E. Kahn
U.S. District Judge